RECEIVED
USDC, CLERK, CHARLESTON, SC

2009 FEB 11  P 3:45

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Glennie Fulmore, | ) | C/A No. 2:09-0075-PMD-RSC |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| Gordon R. England, Secretary Department of Navy Agency, | ) | |
| Defendant. | ) | |

The plaintiff, Glennie Fulmore ("Plaintiff"), proceeding *pro se*, brings this action claiming discrimination.[1] The complaint names Gordon R. England, Secretary of the Department of Navy, as the defendant and requests backpay, as well as other injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." §

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### **Discussion**

The complaint in this case is written in incomplete sentences, with only eight words for the statement of claim. The claim, in its entirety, states "wrongfully determinad (sic) discriminated against more than one time." Complaint at 3. The request for

relief simply states "justice, like to have my back pay. An full retierdment (sic), an release my name so I can find another government job." Complaint at 5. Presumably, the plaintiff is attempting to file an employment discrimination claim. The complaint, however, lacks any factual allegations and thus, the complaint fails to state a claim.

A complaint is required by Federal Rule of Civil Procedure 8(a)(2) to state "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has held that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 91 (2007). The complaint in this case provides no grounds, or factual allegations, on which plaintiff rests his claim of discrimination.

In *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007), the Supreme Court states that a complaint requires pleading "enough facts to state a claim to relief that is plausible on its face." *Twombley* further instructs "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Id.* at 1964-65. The complaint statement of discrimination is not supported by factual allegations. Although the Court is bound to liberally construe his *pro se* complaint, Plaintiff must do more than make mere conclusory

statements to support his claim. *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). The complaint fails to allege facts to support a claim and thus fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance of service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim). **Plaintiff's attention is directed to the notice on the following page.**

_____
Robert S. Carr
United States Magistrate Judge

February __, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).