**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Glennie Fulmore, Pro Se | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:09-0075-PMD-RSC |
| v. | ) | |
| | ) | **ORDER** |
| Gordon R. England, Secretary | ) | |
| Department of Navy Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On January 12, 2009, Plaintiff, proceeding *pro se*, filed his complaint in federal court, presumably alleging discrimination against his former employer, Defendant Gordon R. England, Secretary of the Department of the Navy. Plaintiff also moved for leave to proceed *in forma pauperis.* This matter was referred to United States Magistrate Judge Robert S. Carr pursuant to 28 U.S.C. § 636(b) and Civil Rule 73.02(B) (D.S.C.). On February 11, 2009, Magistrate Judge Carr granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. In accordance with this same statute, Magistrate Judge Carr reviewed Plaintiff's complaint *sua sponte* under the provisions found in Section (e), and filed a Report and Recommendation ("R&R").

This matter now comes before this Court for review of the R&R. In the R&R, the Magistrate Judge recommends that the District Court dismiss the Plaintiff's Complaint without prejudice and without service of process pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i)(ii) (failure to state a claim).

On May 4, 2009, Plaintiff filed timely objections to the R&R. Thereafter, the Court reviewed the Report and the Plaintiff's Objections.

**STANDARD OF REVIEW**

**I.     Magistrate Judge's Report & Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). In the absence of an objection the Court reviews the recommendation of the Magistrate Judge only for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**II.    28 U.S.C. § 1915**

Federal law permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915. To protect against possible abuses of the privilege, the statute permits a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief can be granted" or is "frivolous or malicious." 28 U.S.C. § 1915 (e)(2)(B)(i)(ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

After a review of the entire record, the R & R, and the Plaintiff's objection, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Furthermore, even if Plaintiff's Objection, which contains new facts, is construed as a proposed amendment to the complaint, these new allegations are insufficient to state a claim for

relief under Title VII. Thus, an amendment would be futile and unwarranted. Therefore, this Court adopts the Magistrate Judge's R & R.

## **ANALYSIS**

The Magistrate Judge recommended that this Court dismiss Plaintiff's claim because Plaintiff failed to make any factual allegations whatsoever. In his Complaint form, when prompted to state the basis for his claim, Plaintiff merely states that he was "wrongfully determinad (sic) discriminated against more than one time." (Compl. at 3.)[1] Therefore, the Magistrate Judge recommended that this Court find that Plaintiff's Complaint fails to allege facts to support a claim and thus fails to state a claim on which relief can be granted. In response to the R & R, Plaintiff has timely filed an Objection. In his Objection, Plaintiff gave more factual support for his claims, however, Plaintiff did not specifically state a cause of action. As near as the Court can tell, the Plaintiff is alleging discrimination under Title VII.[2]

In Plaintiff's Objection, Plaintiff alleges the following facts:

Mr. Bobby Webster, Plaintiff's supervisor, harassed and discriminated against Plaintiff on a daily basis. He would meet Plaintiff in the parking lot each morning to harass him, then he would follow Plaintiff around throughout the day, looking for reasons to terminate Plaintiff. Webster allowed white employees to work overtime, but did not allow Plaintiff, an African-American, to work overtime. Webster did not permit Plaintiff to utilize the Family Medical Leave Act (FMLA) when

---

[1] Plaintiff's claim for relief seeks "justice, like to have my back pay. An full retierdment (sic), an release my name so I can find another government job." (Compl. at 5.)

[2] *See Brown v. Gen. Servs. Admin.,* 425 U.S. 820, 835 (1976) (holding that section 717 of Title VII, "provides the exclusive judicial remedy for claims of discrimination in federal employment").

Plaintiff was sick and entitled to leave. Webster used his influence as supervisor to convince other supervisors, including Mr. Frank Schaefer, to discriminate against Plaintiff. Although Schaefer wasn't Plaintiff's immediate supervisor, Schaefer would call Plaintiff into his office and ask him to lift up his pant legs so Schaefer could see Plaintiff's shoes. Schaefer would ask Plaintiff to produce his leave slip (SF71 Form), and ask Plaintiff where he had been. Webster also used his influence to discriminate against Plaintiff during Plaintiff's appeals process by using false information to make it appear that Schaefer was Plaintiff's supervisor.[3] In July 2002, Webster called Plaintiff's doctor, requesting Plaintiff's medical records without Plaintiff's permission. Webster also called one of Plaintiff's family members without Plaintiff's permission.

Since Plaintiff is adding factual allegations not in his Complaint, this could possibly be construed as an attempt to amend his Complaint according to Rule 15.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original). For a motion to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Oroweat Foods Co.,* 785 F.2d at 510-11; *see also Robinson v. GEO Licensing Co., L.L.C.,* 173 F. Supp. 2d 419, 423 (D. Md.2001).

---

[3] In October 2002, Plaintiff filed a complaint with the local EEO representative. Presumably, Plaintiff was appealing from an adverse decision that resulted, although this is unclear.

In the present case, Plaintiff's additional allegations of discrimination are still insufficient to state a claim under Title VII. Thus, granting an amendment to the complaint would be futile. To the extent Plaintiff is seeking to amend his Complaint by making factual assertions for the first time in his Objection, this Motion to Amend is denied.

The court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), and hold them to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). If the court can reasonably read the *pro se* pleading to state a valid claim on which the plaintiff court prevail, it should do so, but a district court may not rewrite a a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The standard to be applied in determining whether or not a claim should be dismissed for failing to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) is the same standard which is applied to determine whether a claim should be dismissed for the same reason under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *De'Lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir. 2003). A court should only dismiss a case pursuant to Rule 12(b)(6) if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claims that entitles him to relief. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged. *See Mylan Labs. Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993).

In *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002), the Supreme Court held that a plaintiff pursuing a Title VII claim can survive a 12(b)(6) motion to dismiss so long as the complaint satisfies the requirements of Rule 8(a), in that it gives the defendant fair notice of the basis for the plaintiff's claims. *See Swierkiewicz*, 534 U.S. at 508 (holding that an employment discrimination complaint need not contain specific facts establishing a *prima facie* case of discrimination under the framework in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), but instead must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."). [4] However, "the Fourth Circuit has interpreted *Swierkiewicz* to limit its sweep. Essentially, the Fourth Circuit has not interpreted *Swierkiewicz* as removing the burden of a plaintiff to allege facts sufficient to state a cognizable claim against the defendant." *Signal v. Gonzales,* 430 F. Supp. 2d 528, 538 (D.S.C. 2006) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir. 2002)).

## I.     Plaintiff's Hostile Work Environment Claim

To demonstrate a hostile work environment in violation of Title VII, a plaintiff must allege facts showing that he or she was the subject of conduct that was: (1) unwelcome; (2) based on their race; (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and that (4) there is some basis for imposing liability on the employer. *Spriggs v. Diamond Auto Glass,* 242 F.3d 179, 183 (4th Cir. 2001).

Here, Plaintiff makes numerous allegations regarding his employment with the Department

---

[4] Title VII provides, *inter alia,* that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-(2)(a)(1).

of the Navy. For example, Plaintiff alleges that his supervisor always wanted to know where he was and asked other supervisors to watch him. Additionally, Plaintiff alleges that he was verbally harassed throughout the work day by more then one supervisor. However, aside from generally averring that he is African-American and that his supervisor treats Caucasians differently, Plaintiff offers absolutely no facts to support a causal connection between the alleged hostile environment and his race. *See, e.g.*, *Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003) (noting that Bass' complaint was full of problems she experienced with her co-workers and supervisors, but that those facts did not seem to have anything to do with gender, race, or age harassment); *Signal v. Gonzales*, 430 F. Supp. 2d at 538. Plaintiff cites no racially offensive conduct, language, or other overtly insulting racial conduct. *See, e.g., Honor v. Booz-Allen & Hamilton, Inc.,* 383 F.3d 180, 190 (4th Cir.2004) (affirming district court's grant of summary judgment on plaintiff's hostile work environment claim where there was no evidence of any racially-offensive conduct directed at the plaintiff); *see also Dawson v. Rumsfeld,* 2006 WL 325867 at *3 (E.D. Va. Feb. 8, 2006) ("A review of the Fourth Circuit's decisions on the subject reveals that the type of conduct necessary to state a hostile work environment claim involves racially offensive remarks or other overt racially insulting conduct.") Applying the relevant standard, then, Plaintiff's has failed to allege facts sufficient to support the second element of his hostile work environment claim under Title VII.[5]

## II.    Plaintiff's Disparate Treatment Claim

Since Plaintiff fails to present direct evidence of hostile work environment discrimination,

---

[5] *See also Dawson*, 2006 WL 325867, *4 (E.D.Va.2006) (finding that "[t]o the extent that Plaintiff seeks redress for any employment actions that were based on hidden race-based discrimination, her remedy lies in a disparate treatment claim."); *Signal*, 430 F. Supp. 2d at 538.

the Court analyzes Plaintiff's claim under the *McDonnell Douglas* burden-shifting scheme.[6] Under *McDonnell Douglas,* the plaintiff has the initial burden of pleading a *prima facie* case of discrimination, at which time the burden shifts to the defendant to offer a legitimate, non-discriminatory explanation for the challenged action. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142 (2000). If the employer does so, the ultimate burden then falls on the plaintiff to establish "that the legitimate reasons offered by the defendant were not its reasons, but were a pretext for discrimination." *Id.* "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.' " *Id.* (quoting *Community Affairs v. Burdine,* 450 U.S. 248, 252-53 (1981)).

To establish a *prima facie* case of disparate treatment under *McDonnell Douglas,* Plaintiff must establish that:  (1) he is a member of a protected class; (2) his job performance was satisfactory; (3) he suffered an adverse employment action by his employer; and (4) similarly situated employees outside of her protected class received more favorable treatment. *See Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 n. 6 (1981). In this case, Plaintiff has not established the required second element.

---

[6] "Direct evidence is a term of art, specifically defined. It both (1) reflects the alleged discriminatory attitude and (2) bears directly on the contested employment decision. Only the most blatant remarks, whose intent could be nothing other than to discriminate constitute direct evidence of discrimination . . . one example of direct evidence would be a management memorandum saying, 'Fire Earley-he is too old.' ...[or] a piece of paper saying, 'discipline Thomas, she is black.'" *Signal*, 430 F. Supp. 2d 528, 540 (citing *Fuller v. Phipps,* 67 F.3d 1137, 1142 (4th Cir. 1995), *Carter v. City of Miami,* 870 F.2d 578, 582 (11th Cir. 1989), *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1082 (11th Cir. 1990), and *Thomas v. Westinghouse Savannah River Co.,* 21 F. Supp. 2d 551, 555 (D.S.C. 1997) (internal citations and quotations omitted).

Plaintiff has alleged that, as an African-American, he is a member of a protected class. Additionally, Plaintiff has clearly suffered an adverse employment action, because he was ultimately terminated by his employer. *See Von Gunten v. Maryland,* 243 F.3d 858, 865 (4th Cir. 2001) (holding that an adverse employment action is a discriminatory act that "adversely affect[s]" the "terms, conditions, or benefits" of employment.) (citing *Munday v. Waste Mgmt. of N. Am., Inc.,* 126 F.3d 239, 242 (4th Cir. 1997)) (internal quotations omitted). However, even if Plaintiff's assertion that his employer "gave a white employee a second chance," (Objection at 2,) is sufficient to show that similarly situated employees outside of his protected class received more favorable treatment, Plaintiff has not shown that his employment performance was satisfactory. In fact, Plaintiff's allegations seem to suggest that his supervisors' conduct was not racially motivated, but instead resulted from their dissatisfaction with Plaintiff's work performance. Furthermore, it appears Defendant's conduct, particularly the increased scrutiny of Plaintiff's whereabouts, resulted from a suspicion that Plaintiff was abusing his sick leave. Because Plaintiff has not presented evidence of this essential element, he has not met his burden of pleading a prima facie case under *McDonnell Douglas.*

Accordingly, even taking into account the additional unsupported allegations Plaintiff has made in his Objections to the Magistrate Judge's R&R, Plaintiff has not established an issue of material fact on his Title VII claim, and it fails as a matter of law. Therefore, allowing him leave to amend his Complaint under Rule 15 would be futile, and the Court will not allow him to do so.

## CONCLUSION

For the foregoing reasons, Plaintiff Glennie Fulmore's claim for unlawful discrimination under Title VII is **DISMISSED** pursuant to 28 U.S.C. § 1915 (e)(2)(B). Furthermore, for the foregoing reasons, to the extent Plaintiff's Objection to the Magistrate Judge's R&R is an attempt to amend his complaint under Rule 15, such a Motion to Amend is **DENIED** because such an amendment would be futile.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 9, 2009**